UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KARLOS LATWIAN HARRIS,** <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF TAYLOR, JUDGE VICTORIA I. SCHACKELFORD, DANA WEGIENKA, DEANNA WARUNEK, MICHIGAN STATE POLICE TROOPER DANA,** <br><br> Defendants. | 2:24-CV-13458-TGB-CI <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF NO. 2);** <br><br> **AND DENYING MOTION FOR SERVICE TO BE CONDUCTED BY THE U.S. MARSHALS (ECF NO. 3)** |

Plaintiff Karlos Latwian Harris sued the City of Taylor, the Honorable Victoria I. Schackelford of the State of Michigan's 23rd Judicial District, Dana Wegienka, Deanna Warunek, and one Michigan State Police Trooper "Dana." ECF No. 1, PageID.6. Plaintiff requests permission to proceed in this lawsuit in forma pauperis, that is, without prepaying the filing fees that would ordinarily apply. ECF No. 2. He also moves to have service on Defendants be performed by the U.S. Marshals. ECF No. 3. For the reasons explained below, Plaintiff's request to proceed without prepaying fees and his Motion to have the U.S. Marshals conduct service of process will be **DENIED**.

# I. DISCUSSION

## A. Plaintiff may not proceed without prepaying the filing fee.

The Court may authorize a person to file suit without prepaying the filing fees if that person submits an affidavit demonstrating that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Supreme Court has held that an affidavit supporting an application to proceed in forma pauperis is sufficient if it establishes that the applicant cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). And the Supreme Court has been clear that an individual does not need to be "absolutely destitute" to enjoy the benefits of the statute. *Id.* The decision to grant or deny an application lies within the discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In his application to proceed without prepaying fees or costs, Plaintiff claims that he "owns no personal property, real estate, bank accounts, or other financial assets in his individual capacity." ECF No. 2, PageID.14. Plaintiff then admits that "[all] assets associated with the Plaintiff are held in the Karlos Latwian Harris Trust or Karlos Latwian Harris, LLC, which operate as separate legal entities under the law." *Id.* Plaintiff claims that he "is responsible for his basic living expenses but has no income or resources available to pay court fees." *Id.*

2

The Court exercises its discretion to **DENY** Plaintiff's application. Plaintiff claims to be indigent, and yet states that he has a role with a trust and an LLC which are under his name. *Id.* Plaintiff thus provides zero documentation for his claim that he cannot afford to pay a filing fee, nor does he explain why he could not contact either of his self-named entities and have them pay for his court fees. It appears that Plaintiff could simply use the "assets associated with the Plaintiff" to pay the fees which the law requires. As such, Plaintiff's affidavit does not show that he cannot afford to pay for the costs of litigation. *See Adkins*, 335 U.S. at 339.

B. **The Court Denies Plaintiff's Request for Service by the U.S. Marshals**

Federal Civil Rule of Procedure 4(c)(3) states:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

As established above, Plaintiff is not authorized to proceed in forma pauperis under 28 U.S.C. § 1915. Nor is he a seaman under 28 U.S.C. § 1916. As such, the Court has discretion whether to order that service be made by a U.S. Marshal. *See Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011). For the same reasons why the Court denies Plaintiff's motion to proceed in forma pauperis, the Court exercises its discretion to **DENY**

3

Plaintiff's motion to have service be made by a U.S. Marshal. The Court is not persuaded by Plaintiff's arguments that allegedly placing all of his assets under the control of a trust or LLC places him in need of financial assistance.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' application to proceed in forma pauperis, ECF No. 2, is **DENIED**. Plaintiff's Motion to have the U.S. Marshals serve Defendants with process is also **DENIED**. Plaintiff is hereby **ORDERED** to pay the filing fee within 14 days of the date of this Order, or the Complaint will be **DISMISSED**.

**SO ORDERED.**

Dated: April 14, 2025         /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE